14-1741-cv
Baiul et al. v. Disson et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of April, two thousand fifteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                   *Circuit Judges.*

———————————————————————————————————

OKSANA S. BAIUL, OKSANA, LTD.,

                   *Plaintiffs-Appellants,*


             v.                                                    14-1741-cv

STEPHEN DISSON, DISSON SKATING, LLC,

                   *Defendants-Appellees.*[1]

———————————————————————————————————

Appearing for Appellants:        RAYMOND J. MARKOVICH, West Hollywood, CA.

Appearing for Appellees:         MATTHEW G. DEOREO (Joseph Tacopina, *on the brief*),
                                 Tacopina Seigel & Turano, P.C., New York, NY.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

———————————

[1] The Clerk of the Court is directed to amend the case caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-Appellants Oksana Baiul and Oksana, Ltd. appeal from the April 24, 2014 opinion and order of the United States District Court for the Southern District of New York (Forrest, *J.*) granting Defendants-Appellees Stephen Disson and Disson Skating, LLC's motion for summary judgment as to appellants' claims of defamation. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

At the threshold, the parties disagree regarding which state's law applies. However, we need not resolve this choice of law question because Baiul has failed to show Disson made any of the alleged defamatory statements with actual malice, and thus her claims fail as a matter of constitutional law.[2] *See Young v. Am. Mini Theatres, Inc.*, 427 U.S. 50, 66 (1976) (recognizing that under *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), "the First Amendment places limitations on the States' power to enforce their libel laws").

"[W]hen a defamatory statement is allegedly made about a public figure, the plaintiff has a heightened burden and must prove that the statement was published with 'actual malice.'" *Dongguk Univ. v. Yale Univ.*, 734 F.3d 113, 123 (2d Cir. 2013) (quoting *Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 155 (1967)). "Actual malice" means that the statement was published with "knowledge that the statement was 'false or with reckless disregard of whether it was false or not.'" *Id.* (quoting *N.Y. Times*, 376 U.S. at 280). "The actual malice showing 'must be made with convincing clarity, or, in a later formulation, by clear and convincing proof.'" *Karedes v. Ackerley Grp., Inc.*, 423 F.3d 107, 114 (2d Cir. 2005) (quoting *Phila. Newspapers v. Hepps*, 475 U.S. 767, 773 (1986)).

As an initial matter, there is no serious dispute that Baiul is a public figure. Although Baiul nominally contests this point, she provides no argument to the contrary. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted)). In any case, we have little trouble concluding that Baiul is a public figure. "We evaluate whether a party is a public figure based on 'clear evidence of general fame or notoriety in the community, and pervasive involvement in the affairs of society.'" *Dongguk Univ.*, 734 F.3d at 123 (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 352 (1974)). Baiul is a world famous figure skater, having won the 1993 World Championship for Ladies' Figure Skating and the 1994 Olympic Gold Medal in Ladies' Figure Skating. Indeed, she describes herself as a "public figure," "a superstar in the world of figure skating," and a "global entertainer." App'x 567, 643; *see also Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 177 (2d Cir. 2000) ("Given plaintiff Celle's own characterization of himself as a 'well known radio commentator' within the Metropolitan Filipino-American community, the district court correctly held that he is a public figure.").

---

[2] The parties do not distinguish between the claims of Baiul and Oksana Ltd., the legal entity used by Baiul to conduct business, and given the absence of any argument on this point, neither do we.

In light of her status as a public figure, Baiul must provide evidence sufficient to permit a reasonable juror to find "clear and convincing proof," *Karedes*, 423 F.3d at 114 (internal quotation marks omitted), that Disson made each of the challenged statements with "'actual malice,' that is with knowledge that the statement was false or with reckless disregard of whether it was false or not," *Dongguk Univ.*, 734 F.3d at 123 (internal quotation marks omitted). Baiul has failed to meet this burden.

With respect to Disson's allegedly false statements regarding his public disclosure and advertising of Baiul's appearance, as well as his description of her withdrawal from the relevant skating shows, Baiul has provided no evidence that Disson made these statements with actual malice. Disson testified that he was not aware of any potential public disclosure of Baiul's appearance until after she filed her separate lawsuit alleging misappropriation of her name and likeness, and Baiul has offered no contrary evidence suggesting his involvement in any such disclosures. Although Disson shared the possibility of Baiul's appearance with his business partners, he testified that he did not view these private discussions as "public" disclosure or advertising of her appearance, and Baiul does not argue that his use of the terms "public disclosure," "advertising," and "promotion" is unreasonable or implausible. *See Dalbec v. Gentleman's Companion, Inc.*, 828 F.2d 921, 927 (2d Cir. 1987) (noting that actual malice "is a matter of the defendant's subjective mental state" and may be shown circumstantially). Finally, although Disson made these statements after Baiul filed her separate lawsuit containing allegations as to these issues, "[g]enerally, 'mere proof of failure to investigate, without more, cannot establish reckless disregard for the truth.'" *Dongguk Univ.*, 734 F.3d at 124 (quoting *Gertz*, 418 U.S. at 332).

With respect to Disson's statement that "One time, she didn't show up. She was out shopping," Baiul has also failed to show actual malice. Disson stated that the story underlying this statement was conveyed to him by Brian Boitano, another well-known figure skater. To the extent this statement is false, Baiul provides no evidence that Disson made it with knowledge of its falsity or reckless disregard of the truth. She does not cast doubt on Boitano's reliability as a source, nor does she suggest the improbability of the story. *See Celle*, 209 F.3d at 183 (noting that "[a]ctual malice can be established through the defendant's own actions or statements, the dubious nature of his sources, and the inherent improbability of the story among other circumstantial evidence." (internal quotation marks and brackets omitted)). Indeed, Baiul stated in her deposition that her former agent had heard the same story and that prior to 2011, it was gossip in the skating industry that she had missed an event because she was out shopping.

As to the remaining statements, to the extent they constitute actionable defamatory language, Baiul's only evidence of Disson's "actual malice" is his denial in his deposition that he actually made these statements to the reporter interviewing him. However, the fact that Disson subsequently denied making these statements provides only weak evidence as to the issue here – whether, if he actually made them, he did so with actual malice. We have described actual malice as a "demanding burden," requiring "clear and convincing proof." *Id.* at 182–83. While such a subsequent denial may provide some limited circumstantial evidence of actual malice, standing alone here as Baiul's only evidence on this point, a reasonable juror could not find that it meets the "clear and convincing" standard. *Id.* at 183 (explaining that circumstantial evidence "should provide evidence of negligence, motive and intent such that an accumulation of the evidence and

3

appropriate inferences supports the existence of actual malice." (internal quotation marks and emphasis omitted)).

We have considered the remainder of Baiul's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4