14-1813(L)
Baiul v. NBCUniversal Media, LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         GERARD E. LYNCH,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

Oksana S. Baiul,
        <u>Plaintiff-Appellant</u>,

        -v.-

NBCUniversal Media, LLC and NBC Sports
Network, L.P.,
        <u>Defendants-Appellees</u>.*

14-1813(L)
14-2892(con)
14-3339(con)

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**          RAYMOND J. MARKOVICH, West
                            Hollywood, California.

---

        *    The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

**FOR APPELLEES:**                    CHELLEY E. TALBERT (Sasha Segall on the brief), New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the district court be **AFFIRMED.**

Plaintiff Oksana S. Baiul appeals from the judgments of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>) granting defendants' motions for summary judgment and for attorney's fees. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In affirming the dismissal of a related lawsuit a few months ago, we identified "Baiul [as] a world famous figure skater, [who] won the 1993 World Championship for Ladies' Figure Skating and the 1994 Olympic Gold Medal in Ladies' Figure Skating." <u>Baiul v. Disson</u>, No. 14-1741, 2015 WL 1726168, at *1 (2d Cir. Apr. 16, 2015). Her latest lawsuit alleges that she was tagged with a reputation as a "no show" after publication of a press release falsely stating that Baiul would be appearing on a nationally televised figure skating special notwithstanding that she had informed the show's producer that she would not be participating. The district court granted summary judgment (and awarded attorney's fees) to defendants-appellees NBCUniversal Media, LLC and NBC Sports Network, L.P. ("NBC"). We affirm for substantially the reasons set forth in the series of opinions issued by the district court.

**1.** As to Baiul's claims under New York Civil Rights Law § 51, even assuming that NBC made "commercial use" of Baiul's name, its use fell within the exception for "incidental use." <u>See, e.g.</u>, <u>Groden v. Random House, Inc.</u>, 61 F.3d 1045, 1049 (2d Cir. 1995). That exception applies notwithstanding the factual error in the press release: "where falsity is the gravamen of a § 51 claim, First Amendment guarantees permit imposition of liability only where actual malice is shown." <u>Lerman v. Flynt Distributing Co.</u>, 745 F.2d 123, 135 (2d Cir. 1984). Here, no reasonable jury could find that NBC acted with "actual malice," and

2

"there is no serious dispute that Baiul is a public figure," Baiul, 2015 WL 1726168, at *1.

    2.  Baiul's Lanham Act claims fail because, among other reasons, Baiul presented virtually no evidence that she suffered any damages, or that NBC profited from the error in the press release.  See 15 U.S.C. § 1117(a); see also George Basch Co. v. Blue Coral, Inc., 968 F.2d 1532, 1537 (2d Cir. 1992).

    3.  The district court did not clearly err in finding that Baiul filed this lawsuit for an improper purpose, and therefore did not abuse its discretion in deciding to award reasonable attorney's fees to NBC.  Nor did the district court abuse its discretion in calculation of a reasonable fee.

                              *   *   *

     For the foregoing reasons, and finding no merit in Baiul's other arguments, we hereby **AFFIRM** the judgments of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK